IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE ERVIN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1063-JDT-cgc |
| | ) | |
| NORTH WEST PENITENTIARY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET AND
DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE

On April 11, 2018, the *pro se* prisoner Plaintiff, Willie Ervin Moore a/k/a Julian Franklin Carter, II a/k/a Willie Ervin Minter,[1] Tennessee Department of Correction prisoner number 219268, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983. He did not pay the filing fee or submit a motion to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no

---

[1] The Clerk is directed to MODIFY the docket to include Plaintiff's aliases, which the Court has obtained from previous cases.

longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). As stated however, Plaintiff has not sought pauper status in this case.

Even if Plaintiff had filed a motion to proceed *in forma pauperis*, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the periodic payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed numerous previous lawsuits, and at least five of those suits were dismissed for failure to state a claim or as frivolous.[2] Therefore, Plaintiff would not be eligible to take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62

---

[2] Plaintiff previously filed *Moore v. Thompson Court Apartments*, No. 08-2278-JDT-tmp (W.D. Tenn. Feb. 18, 2009) (dismissed for failure to state a claim); *Moore v. Shelby Cnty., et al.*, No. 06-2253-JDB-tmp (W.D. Tenn. Sept. 1, 2006) (dismissed for failure to state a claim); *Minter v. Morgan, et al.*, No. 98-2647-G/A (W.D. Tenn. Aug. 7, 1998) (dismissed as frivolous); *Minter v. Morgan*, No. 98-2629-Tu/A (W.D. Tenn. July 27, 1998) (dismissed as frivolous); *Minter v. Freeman, et al.*, No. 95-3033 (W.D. Tenn. May 29, 1996) (dismissed as frivolous).

(6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In this case, Plaintiff has sued the NWCX [3] and the NWCX "Education Department"; Warden Shawn Phillips; Jill Spencer; and E.C.T., which is not further identified. He alleges that he has tried several times to apply for a G.E.D. class at the NWCX but has been denied. Plaintiff asserts that he has been told the prison's computer records show that he already has a high school diploma. However, he contends that information is incorrect. Plaintiff alleges that his civil rights have been violated by the denial of an education. (ECF No. 1 at 5-6.)

Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot address its merits unless Plaintiff first tenders the civil filing fee.

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days after the date of this order. Failure to do so will result in the assessment of the filing fee from Plaintiff's inmate trust account without regard to the PLRA's installment procedures and dismissal of this action for failure to prosecute. *Alea*, 286 F.3d at 381-82.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff includes the "North West Penitentiary" as a separate Defendant in the caption of the complaint. However, there is no Tennessee prison facility by that name and the Court construes it as another reference to the NWCX.