IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE ERVIN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1063-JDT-cgc |
| | ) | |
| NORTH WEST PENITENTIARY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING CASE AND ASSESSING $400 CIVIL FILING FEE

On April 11, 2018, the Plaintiff, Willie Ervin Moore a/k/a Julian F. Carter, II a/k/a Willie Ervin Minter, Tennessee Department of Correction prisoner number 219268, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Two days later, he filed a motion to proceed *in forma pauperis*. (ECF No. 4.) Plaintiff is a restricted filer under the "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

Because Plaintiff's complaint does not satisfy the imminent danger exception to § 1915(g), the Court denied leave to proceed *in forma pauperis* and directed Plaintiff to pay the entire $400 civil filing fee within 30 days. (ECF Nos. 3 & 5.) The Court warned that failure to pay the fee as instructed would "result in the assessment of the filing fee from Plaintiff's inmate trust account without regard to the PLRA's installment procedures and dismissal of this action for failure to prosecute." (ECF No. 3 at 3.)

Plaintiff has not paid the filing fee, and the time within which to do so has expired. Therefore, this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall withdraw from Plaintiff's trust account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust account officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account

since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee
> 111 S. Highland Ave., Room 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the NWCX to ensure that the custodian of Plaintiff's inmate trust account complies with this order.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

       s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE